

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

See LA-23 & LA-106

Honorable James W. Strawn
County Attorney
Willacy County
Raymondville, Texas

Dear Sir:

Opinion No. 0-3522
Re: May a person contemporane-
ously serve as a trustee of
an independent school dis-
trict and as justice of the
peace?

Your request to this department for a written opinion
has been received and considered. We quote from your request:

"May a person contemporaneously serve as
Trustee of an Independent School District and
as Justice of the Peace?

"In the situation at hand the Justice
Precinct covers part of the school district
and a part of another school district."

Article 16, Section 40 of the Constitution provides:

"No person shall hold or exercise, at
the same time, more than one civil office of
emolument, except that of justice of peace,
* * *."

We think clearly that the exception in the consti-
tutional provision, quoted above, applies to a justice of
the peace under the facts in your request. However, in the
absence of such a constitutional exception, it was held in the
case of State v. Martin, (Ct. Civ. App.) 51 S. W. (2d) 815,
that the office of a school trustee was not an office of
"emolument." This office has held in Opinion No. 0-3308 that
a deputy sheriff may serve at the same time as a school trustee
of a common school district and that the respective duties of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

each office are not incompatible. A copy of that opinion is being enclosed for your consideration.

In Opinion No. O-2184, this department held that a justice of the peace may serve as a city secretary of the city of Muleshoe at the same time and that the respective duties of each office are not incompatible. A copy of that opinion is being enclosed for your consideration.

We have carefully considered the respective duties incumbent upon a justice of the peace and a trustee of an independent school district and we can conceive of no sound basis upon which it may be said that their respective offices are incompatible. Neither office is accountable to, under the dominion of or subordinate to the other; neither has any right to interfere with the other in the performance of any official duty. Offices are incompatible where the duties of each may be inconsistent or conflicting and where the performance of the duties of one office may interfere with the performance of the duties of the other office. See Opinion No. O-2184 for additional citation of authorities, a copy of which is enclosed.

Since neither a deputy sheriff nor a common school district trustee are officers to be paid out of the State Treasury, we do not believe Article 16, Section 33 of the Texas Constitution is applicable to your proposition. Opinion No. O-3308.

It is, therefore, our opinion, and you are respectfully advised, that there is no prohibition in the laws of this State which would prevent a justice of the peace from serving as a trustee of an independent school district.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 13, 1941

Glenn R. Lewis

Acting ATTORNEY GENERAL OF TEXAS

By Harold McCracken

Harold McCracken
Assistant

HM:RS

ENCLOSURES

